# THE MICHIGAN NISI PRIUS.

## SEPTEMBER, 1871.

WM. B. PADDOCK vs. RUFUS KIBBE, AND RUFUS KIBBE vs. WM. B. PADDOCK.

A commenced a suit in assumpsit, in Justice's Court, against B, February 11, 1871, returnable February 20, 1871, which was duly served, and on the return day parties appeared, and by consent cause was adjourned without putting in any pleadings, until the 15th of March, 1871.

On the 20th of February, 1871, B commenced a suit in assumpsit against A, before another Justice, returnable February 27th, and on the return day parties appeared and joined issue, the plaintiff declaring in the common counts in assumpsit, and defendant pleading the general issue only, and cause adjourned to the 28th of March, 1871.

March 15th, 1871, parties in first suit appeared and joined issue, plaintiff declaring in the common counts in assumpsit, and defendant pleading general issue only, and trial had and judgment for plaintiff, for $17 67 damages, and $3 27 costs of suit. March 28th, 1871, second suit tried, and judgment for plaintiff, for $25 damages, and $4 30 costs.

*Held*, notwithstanding ¿ 3728, *C. L.*, each plaintiff properly had judgment for costs.

*Branch Circuit, June,* 1871.

On the 11th of February, 1871, Paddock sued out a summons against Kibbe, in assumpsit, before a Justice of the Peace, returnable February 20, 1871, which was duly served and returned, and on the return day the parties appeared and by consent, adjourned the suit without putting in any pleadings, until the 15th of March, on which day the parties again appeared and joined issue, the plaintiff declaring on the common counts, and the defendant pleading the general issue, and the cause was then tried and judgment rendered for plaintiff against defendant, for $17 67 damages, and $3 27 costs of suit. On the 20th of February, 1871, Kibbe sued out a summons before another Justice of the Peace, against Paddock, in assumpsit, returnable February 27th, which was duly served and re-

turned, and on the return day the parties appeared and joined issue, the plaintiff declaring on the common counts, the defendant pleading the general issue, and the cause was adjourned to March 28th, when trial was had and judgment rendered in favor of Kibbe, plaintiff, against Paddock, for $25 damages, and $4 30 costs of suit.

Each party now claims that under § 3728, 2 *Comp. Laws*, the other was not entitled to costs, the plaintiff in the first suit claiming that he was entitled to costs in each case, and the defendant in the first suit claiming the same for himself in each suit.

The question was submitted to the Court on a written stipulation, signed by the parties, embodying the foregoing facts, to be heard and decided the same as though specially raised before the Court, on appeal, and so specified in the stipulation.

*M. S. Bowen*, Attorney for Paddock.

*J. W. Turner*, Attorney for Kibbe.

*By the Court*, UPSON, J.—

By the statute as it formerly was in the State of New York, (and perhaps it is so at present,) if a defendant in Justice's Court neglected to plead or give notice of any set-off which might have been allowed him on the trial of the cause, he was forever thereafter precluded from maintaining any action to recover the same or any part thereof, and so were his assigns. 2 *Cow. Treat.*, 748.

Our statute in such a case, 2 *Comp. Laws*, § 3728, only prohibits the party so in default from recovering any costs, in an action subsequently brought to recover any such claim. But to entitle a defendant to set-off he must give notice of the same at the time of joining issue on a question of fact upon the merits of the cause— 2 *Comp. Laws*, § 3724—and he must plead his set-off the very first opportunity. Where a plaintiff brought two suits against a defendant, each being commenced at the same time and made returnable on the same day and hour, the defendant on joining issue in the suit first called and tried, neglected to plead his set-off, and the other being then called, he offered to plead his set-off, but it was held that he was forever barred. 3 *John's R.*, 428 ; 2 *Cow. Treat.*, 730.

As set-offs can only be allowed in actions founded on demands which could themselves be the subject of set-off according to law, it follows that until the plaintiff has declared in his action the defendant cannot know whether it will be on such a demand or not. 2 *Comp. Laws*, § 3723 ; 13 *Wend.*, 139, 156 ; 2 *Cow. Treat.*, 736. Besides he is not required to plead a set-off until the time of joining issue. 2 *Comp. L.*, § 3724. And under the N. Y. statute, to be a bar to a subsequent suit for the set-off, the plea that it was or ought to have been set off in a former suit must be interposed at the time of joining issue, or it cannot be admitted on the trial. 2 *Cow. Treat.*, 731 ; 10 *John's R.*, 111, 246, 12 *Id.*, 455.

In neither of the suits maintained in the stipulation in this cause does it appear that at the time of joining issue, or on the trial of either, was any objection raised by any party, either by plea or otherwise, to the claim of the other party, nor was any set-off set up by either at the time of joining issue, or claimed on the trial.

The plaintiff in the second suit, who was the defendant in the suit first commenced, could not plead a set-off in the first suit until after the plaintiff had declared therein, which he did not do until after issue had been joined in the second suit and whether the burden of pleading, especially this matter, after the joining of issue in the second suit was thrown upon the plaintiff or defendant in the first suit, when the issue was subsequently joined therein, neither party availed himself of it, or raised any objections at the trial of either suit founded upon the question or matter now at issue. The issue then in the second suit seems to have been properly joined at the time it was joined and no question was raised growing out of or in reference to it on subsequently joining issue in the first suit, and going to trial, or on the trial of the second suit. The parties thus seem to have elected to try each case separately on its own merits and not to have insisted upon these provisions of the statute in relation to costs as affected by the neglect of a party to plead a set-off (§ 3728, 2 *C. L.*) in a former action ; and the Justice in each case in finding for the plaintiff properly rendered judgment in his favor also for costs, and there is no error in either judgment by reason thereof.

In coming to this conclusion I have not seen fit to consider the question whether these suits could properly be reviewed in this Court on a stipulation so made and filed.